## NEW YORK SUPERIOR COURT

LUDWIG SACHS agt. CHARLES H. BERTRAND.

Where affidavits upon which an order of *arrest* is granted, and upon which the order is sought to be sustained, do not state facts within the plaintiff's knowledge, which being uncontradicted, would establish *prima facie* the defendant's guilt, the order will be *vacated* upon contradictory affidavits by the defendant.

*New York Special Term, September*, 1861.

MOTION by defendant to vacate an order of arrest.

WM. B. RANKEN and A. H. REAVEY, *for defendant.*

MR. SPARKS and MR. LEVY, *for plaintiff.*

BOSWORTH, Ch. Justice. The plaintiff deposes that in 1859, the defendant, after being two months in his employ, seduced and took away deponent's wife, and then called himself William Muller. He subsequently discovered that he went to No. 143 Forsyth street, where, as he is informed and believes, they passed as man and wife ; that they continued afterwards to cohabit together as man and wife, until a very recent period, at No. 106 East Twenty-second street.

Frederick Bauman deposes that the plaintiff's affidavit is true of his own knowledge as to the person calling himself Charles H. Bertrand, seducing the wife of said Sachs ; that up to the time of said Bertrand's taking away the wife of said Sachs, he was with deponent.

The affidavits on the part of the plaintiff do not aver that he lost or was deprived of the comforts, society or services of his wife ; nor do they contain any allegation of facts relied upon, as proving what the plaintiff calls seduction, or explaining in what sense he uses that word. (*Robinson's Prac.*, vol. 2, pp. 553 and 556.)

The defendant makes affidavit that he never seduced

said Mary Sachs away from said plaintiff; that he never lived with said Mary Sachs, at No. 143 Forsyth street, as man and wife; that he has not, and did not at any time, live with said Mary Sachs as her husband; and defendant further avers he never cohabited with said Mary Sachs.. If the gist of this action is regarded as being the criminal conversation of defendant's wife, then it may be said that no one testifies to the wrong as a matter within his own knowledge, nor to facts within his knowledge, which, if true, would justify the conclusion that he was guilty of the act imputed. The defendant denies being guilty of such misconduct.

The motion was argued before me on such theory and assertion, that the affidavits established that defendant had induced plaintiff's wife to have criminal conversation with him.

I do not think the plaintiff's affidavits have established that he has. They do not state facts within the plaintiff's knowledge, which being uncontradicted, would establish *prima facie* the defendant's guilt.

At all events, there is no such direct proof of a cause of action that the defendant's affidavit should be disregarded. It is not the case of a cause of action sworn to pointedly, which *per se* gives a right to an order of arrest, and of an attempt to procure a discharge from arrest, on an affidavit denying the existence of a cause of action, which *prima facie* establishes guilt.

Whether the defendant deserves to be incarcerated or not, upon the actual facts of the case, the affidavits do not enable the court to form an opinion.

On the affidavits on which the motion is made, and offered, the order of arrest should be vacated, on the defendant stipulating not to bring any action by reason of his arrest under it..

Seven dollars costs allowed to the party who shall ultimately be adjudged entitled to recover costs of the action.